UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 4:08-CR-40 |
| v. | ) |
| | ) *Mattice / Lee* |
| | ) |
| NATHANIEL ALLEN | ) |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

Defendant Nathaniel Allen filed a motion to suppress, which was denied [Doc. 21]. He then filed a second motion to suppress [Doc. 23], which relies on *Arizona v. Gant*, 129 S.Ct. 1710 (2009), a decision issued by the United States Supreme Court on April 21, 2009. That motion was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 24]. The United States filed a response in opposition to the motion [Doc. 27]. A hearing on the motion was held on May 20, 2009. Defendant and the United States filed post-hearing memoranda [Doc. 29 & 30], which have been reviewed and considered. In summary, I find no constitutional violation with respect to the evidence obtained from Defendant's car. Therefore, for the following reasons, I **RECOMMEND** that Defendant's second motion to suppress be **DENIED**.

**II.    Evidence**

There were two hearings held in this case, one for each of Defendant's motions. The facts of the first hearing are contained in the original Report and Recommendation prepared in this case, to which neither side objected and which the district court adopted. Those facts are incorporated

by reference [Doc. 20 at 1-4].

At the second hearing, the United States again offered the testimony of Officer Timothy Shan Harris, the sole witness to testify. After arresting Defendant based on an outstanding warrant and evidence of intoxication, Officer Harris searched Defendant's person and found a plastic bag containing over five grams of crack cocaine. He also found more than a total of $1500 in cash located in several places on Defendant's person. Officer Harris then searched Defendant's car. In the passenger compartment, he found some jewelry and a $1 bill. In the trunk of the car, Officer Harris found a significant amount of jewelry. The car was then impounded because Officer Harris believed Defendant was using the car to sell narcotics. Officer Harris testified he impounded the car in accordance with his police department's procedure, and the department's policy was introduced into evidence as Exhibit 1.

**III.   Analysis**

Defendant argues his second motion to suppress should be granted based on the Supreme Court's decision in *Arizona v. Gant*, *supra*. But the United States contends *Gant* is inapplicable because the search was supported by probable cause and was a valid inventory search. I agree with the United States.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Gant*, 129 S.Ct. at 1716 (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). *Gant* was concerned with just one of those exceptions: searches incident to arrest. But since a search incident to arrest does not encompass the trunk of a vehicle, *New York v. Belton*, 453 U.S. 454, 461 n.4 (1981), the government could not—and does

not—argue the evidence seized from the trunk was discovered pursuant to a search incident to arrest. Rather, the government asserts the search was justified based on the existence of probable cause and as a valid inventory search, neither of which is affected by *Gant*'s limitation on searches incident to arrest.

      A.      **Probable Cause**

The government contends Officer Harris had probable cause to believe Defendant's car contained evidence of drug distribution, and therefore evidence seized from the car should not be suppressed. Defendant did not directly address this point, although some of the questions asked of Officer Harris on cross-examination seemed designed to cast doubt on the existence of probable cause.

"Under the automobile exception, police officers may conduct a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)). This search may include all parts of a legitimately stopped vehicle, including the trunk and all containers. *United States v. Burns*, 298 F.3d 523, 542 (6th Cir. 2002) (citing *United States v. Ross*, 456 U.S. 798, 825 (1982)). "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *Smith*, 510 F.3d at 647-48. The existence of probable cause is judged under a totality-of-the-circumstances test based on the objective facts known to the officers at the time of the search. *Id.*

In a similar circumstance, the Sixth Circuit found probable cause to search a car in *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993). In *Mans*, after the defendant exited his car, an officer noticed a marijuana cigarette in his pocket and arrested the defendant. *Id.* at 968. A search

3

incident to arrest of the passenger compartment turned up about $8,000 in cash, and officers then found items related to cocaine distribution in the trunk. *Id.* The search of the trunk was permissible because the marijuana cigarette coupled with the large sum of cash provided probable cause to believe the car contain other drugs or drug paraphernalia. *Id.* at 969.

Even without finding money, the discovery of drugs in a car gives probable cause to search the entire car. *United States v. Burns*, 298 F.3d 523, 542 (6th Cir. 2002) ("Once the bag of crack cocaine was found in plain view, the officers had probable cause to believe that other contraband might be in the car."); *United States v. Burnett*, 791 F.2d 64, 67 (6th Cir. 1986) ("Once the contraband [marijuana package] was found, officer Brady had every right to search the passenger area of the car, the trunk, and any and all containers which might conceal contraband."). *See also United States v. Myers*, 102 F.3d 227, 232 (6th Cir. 1996) (holding officer had probable cause to search the trunk of a vehicle after discovering guns in the car and substantial amounts of money on the defendants, together with earlier observations of apparent drug transactions).

The only distinguishing fact in the above cases is that the drugs and money in this case were found on Defendant's person immediately after he exited the car, rather than in the car itself. This distinction is immaterial because Defendant had just exited the car, so the drugs and money had just been in the car. In an indistinguishable scenario, the Seventh Circuit held probable cause existed to search a car. *United States v. Johnson*, 383 F.3d 538 (7th Cir. 2004). In *Johnson*, officers ordered the defendant outside of his vehicle and arrested him pursuant to an outstanding warrant. *Id.* at 540-41. They searched the defendant and found a bag containing what appeared to be powder cocaine. *Id.* at 541. The officers then searched the defendant's car, including its trunk. The Seventh Circuit held the discovery of the drugs provided probable cause to search the vehicle, including the

4

trunk, because the officer had a reasonable basis for believing other drugs or illegal contraband were concealed inside. *Id.* at 545-46.

The same is true in this case. Officer Harris' knowledge of the arrest warrant and the drugs and money found on Defendant provided probable cause to search the vehicle, including its trunk. Just prior to the search of Defendant's car, Officer Harris had found crack cocaine and a significant amount of money on Defendant's person, both of which were consistent with Defendant selling drugs. Officer Harris also knew Defendant had an outstanding warrant for possession of drugs and appeared intoxicated. As Defendant was in his car when Officer Harris first approached him, the officer had reasonable grounds for believing Defendant was using his car to sell drugs and contraband might be in the car. Accordingly, the officer had probable cause to search Defendant's vehicle, including the trunk, and evidence discovered therein should not be suppressed.

**B.    Inventory Search**

The United States also contends the evidence was discovered pursuant to a valid inventory search. "A valid inventory search conducted without a warrant does not violate the Fourth Amendment." *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007) (citing *South Dakota v. Opperman*, 428 U.S. 364, 369-71 (1976)). An inventory search may only be conducted after the police lawfully take custody of a vehicle. *Id.* at 651. "Inventory searches 'serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger.'" *Id.* at 650-51 (quoting *Lumpkin*, 159 F.3d at 987). Such a search must not be undertaken "for purposes of investigation," and it must be conducted "according to standard police procedures." *Id.* at 651. "However, the mere fact that an officer suspects that contraband may be found in a vehicle does not invalidate an otherwise proper

5

inventory search." *Id.*

Officer Harris testified he planned to impound the vehicle pursuant to his department's standard procedure because he believed Defendant was using the vehicle to sell narcotics. This was a legitimate conclusion because Defendant had been in the vehicle while carrying crack cocaine and a large amount of cash. Tennessee law permits the seizure of vehicles used to transport unlawful controlled substances. Tenn. Code Ann. § 53-11-451(a)(4). Believing the car to be subject to forfeiture, Officer Harris did not need a warrant to conduct an inventory search, *Smith*, 510 F.3d at 651 (citing *United States v. Decker*, 19 F.3d 287, 290 (6th Cir. 1994), or to seize the vehicle, *Smith*, 510 F.3d at 651 (citing *Florida v. White*, 526 U.S. 559, 566 (1999)).

Defendant contends Officer Harris did not conduct a legitimate inventory search because he looked under the hood of the car, so he must have been searching for contraband rather than inventorying the vehicle's contents. But "a valid inventory search conducted by law enforcement officers according to standard procedure may include the engine compartment of a vehicle." *United States v. Lumpkin*, 159 F.3d 983, 988 (6th Cir. 1998). The Sixth Circuit expressly agreed with the rationale of the Eighth Circuit that when a defendant is found with illegal drugs, there is "ample justification to search all areas of the [vehicle] where personal property might be found, to protect the public from persons who might find contraband drugs in the [vehicle]." *Id.* (quoting *United States v. Lewis*, 3 F.3d 252, 254 (8th Cir. 1993)). In any event, there was no evidence seized from the engine compartment and thus no evidence to be suppressed if the engine compartment was not within the scope of the search. *Cf. id.* (rejecting suppression of evidence found in engine compartment); *Lewis*, 3 F.3d at 254 (same).

6

**IV. Conclusion**

For the reasons stated herein, I **RECOMMEND** that Defendant's second motion to suppress evidence [Doc. 23] be **DENIED**.[1]

s/<i>Susan K. Lee</i><br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).