UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 4:08-cr-40 |
| v. | ) | |
| | ) | Judge Mattice |
| NATHANIEL ALLEN | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Nathaniel Allen's Objections to Report and Recommendation [Court Doc. 33].

By way of background, Defendant Allen filed his First Motion to Suppress Evidence [Court Doc. 13] which was referred to Magistrate Judge Susan K. Lee [Court Doc. 15]. Magistrate Judge Lee recommended that Mr. Allen's First Motion to Suppress be denied [Court Doc. 20] and, without objection, the Court adopted Magistrate Judge Lee's R&R [Court Doc. 21]. Mr. Allen then filed his Second Motion to Suppress [Court Doc. 23] which was also referred to Magistrate Judge Lee [Court Doc. 24]. Magistrate Judge Lee also recommended that Mr. Allen's Second Motion to Suppress be denied [Court Doc. 32]. Mr. Allen filed a timely objection to that R&R [Court Doc. 33], and the Government responded to Mr. Allen's objection [Court Doc. 34].

Magistrate Judge Lee held an evidentiary hearing on Mr. Allen's Second Motion to Suppress on May 20, 2009. The only issued raised by the instant Second Motion to Suppress (and the only issue with respect to which a timely objection to Magistrate Judge Lee's R&R is made) is that the decision of the United States Supreme Court in *Arizona v.*

*Gant*, 129 S. Ct. 1710 (2009), which was decided on April 21, 2009, should change the result with respect to Magistrate Lee's earlier denial of Mr. Allen's First Motion to Suppress.

The Court has reviewed all matters in the record which are pertinent to the instant Objections and, for the following reasons, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's R&R [Court Doc. 32] and will **DENY** Mr. Allen's Second Motion to Suppress [Court Doc. 23].

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject or modify, in whole or part, the Magistrate Judge's Findings or Recommendations 28 U.S.C. § 636(b)(1)(c).

**II.    FACTS**

The relevant facts pertaining to the underlying motions to suppress evidence are exhaustively summarized in Magistrate Judge Lee's initial R & R [Court Doc. 20, pp. 1 - 4] and in her R & R relating to Mr. Allen's second motion to suppress evidence [Court Doc. 32, pp. 1-2]. The objection presently before the Court does not take issue with Magistrate Judge Lee's findings of fact *per se*, and it would serve no useful purpose to repeat all such facts here. Rather, and as described *supra*, Mr. Allen's objection to Magistrate Judge Lee's R & R relating to his second motion to suppress evidence seems to focus on the legal conclusions drawn from the evidence.

Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set forth in Magistrate Judge Lee's initial and second R & R (Court Doc. 20, pp.1-4; Court Doc. 32, pp. 1-2). The Court will refer herein to those facts selectively, and only as necessary to analyze the issues raised in Mr. Allen's objections.

III.  ANALYSIS

At the risk of oversimplification, the Court perceives the gist of Mr. Allen's instant objection to be captured in the following sentences:

> The report states that *Arizona v. Gant* only deals with searches incident to arrest, but this is not the case. *Gant* also goes into when a *warrantless search* is allowed, and that is the problem with the search in the first part, not whether they had probable cause, but whether the search fit into the exception to the warrantless search rule. In this case it did not.

[Court Doc. 33, Objections to Report and Recommendation, pp. 1-2].

In her challenged R & R, Magistrate Judge Lee concluded that the police reasonably relied on two well recognized exceptions to the warrant requirement in conducting the subject search of the vehicle - (1) the so-called "vehicle exception," whereby the existence of probable cause to believe that a vehicle contains evidence of a crime excuses the necessity of first obtaining a warrant, as well as the "inventory search exception," which does the same. [Court Doc. 32, pp. 5-6].

By relying on the Supreme Court's decision in *Arizona v. Gant,* 129 S.Ct. 1710 (2009), as the sole basis for his Second Motion and Memorandum to Suppress [Court Doc. 23] as well as the basis for his Objections to Magistrate Judge Lee's R & R on that Motion

[Court Doc. 32], Mr. Allen is apparently contending that the decision in *Gant* had the effect of abrogating the vehicle exception, as well as the inventory search exception, at least as those exceptions to the warrant requirement apply to the facts of this particular case. Having carefully reviewed the entire record in this case, and having carefully re-reviewed the *Gant* decision, the Court can find no basis for such a sweeping assertion.

As pointed out by Magistrate Judge Lee in her challenged R & R, the *Gant* decision dealt narrowly with the exception to the warrant requirement dealing with searches incident to the arrest of an occupant of a vehicle. As the Supreme Court observed in *Gant*, that exception, as elucidated in the Court's decision in *Chimel v. California*, 395 U. S. 752 (1969), encompasses only that area of a vehicle "within [the arrestee's] immediate control." *Id*. At 763. The *Chimel* decision explained that this limitation on the exception "ensures that the scope of a search incident to arrest is commensurate with its purposes of protecting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy.... If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 129 S. Ct. at 1716 (citing *Chimel*, 395 U. S. at 763).

This limitation on the scope of the search-incident-to-arrest exception, however, has no impact on the applicability of the exceptions to the warrant requirement found by Magistrate Judge Lee to apply to the search of Mr. Allen's automobile in the instant case. Indeed, as to the vehicle exception, the *Gant* Court itself observed that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, *United States*

-4-

*v. Ross*, 456 U. S. 798, 820-821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.... *Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader."[1] *Gant*, 129 S. Ct. at 1721(internal citations omitted). Similarly, as to the inventory search exception, the Court can find nothing whatsoever in *Gant* which would suggest a narrowing of the scope of that exception.[2] Accordingly, as did Magistrate Judge Lee in her R & R, the Court finds that the decision of the Supreme Court in *Gant* has no impact on her otherwise unchallenged analysis in denying Mr. Allen's underlying Motion to Suppress Evidence.

## IV.    CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Defendant Nathaniel Allen's Objections to Report and Recommendation [Court Doc. 33], and **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's Report and Recommendation [Court Doc. 32]. Further, the Court **DENIES** Mr. Allen's Second Motion to Suppress [Court Doc. 23].

---

[1] In his instant objections to the R&R, Mr. Allen also questions Magistrate Judge Lee's earlier finding of probable cause to search the vehicle. To the extent that Mr. Allen has even preserved such question as an objection to the R&R(which he almost certainly has not), the Court finds no basis for it, and it is OVERRULED.

[2] Mr. Allen also argues that the police could not conduct a valid inventory search of the subject vehicle because in searching the subject vehicle, the police ran afoul of the standard operating procedures of the Tullahoma Police Department. Here again, the Defendant has not preserved his right to make such an objection to the R&R. Nevertheless, even had such an objection been preserved, it would be unavailing. Even a clear police violation of state law does not necessarily implicate Fourth Amendment concerns so as to require suppression of seized evidence. *Virginia v. Moore*, 128 S. Ct. 1598 (2008).

-5-

SO ORDERED this 13th day of October, 2009.

                                                */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE

-6-

Case 4:08-cr-00040-HSM-SKL   Document 35   Filed 10/13/09   Page 6 of 6   PageID #: 121